UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50020
Summary Calendar

_____

GARY W. BAILEY,

Plaintiff-Appellant,

versus

DON HARRIS, Officer; RODRIGUEZ, Officer,
Individually and in Their Capacity as Law Enforcement
Officers of the Town of Anthony, Texas;
EL PASO COUNTY SHERIFF'S DEPT.; THE TOWN OF
ANTHONY; THE LIFE AMBULANCE COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
EP-96-CV-320
_____
July 1, 1997
Before SMITH, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM[1]:

Gary W. Bailey appeals the summary judgment in favor of the
Town of Anthony, Texas, Anthony police Officers Harris and
Rodriguez, and the Life Ambulance Company; the judgment dismissed
his claims for defamation, violations of the Americans with
Disabilities Act, and violations of his civil rights.  Bailey

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

contends that the district court erred by granting summary judgment prior to the expiration of the deadline for his response, by ruling that the issue of probable cause is a question of law, by holding that the allegedly defamatory statements made by some of the defendants were not communicated to a third person, by ignoring his claims for personal injury and medical expenses resulting from the use of excessive force, and by dismissing the County for lack of service of process. (Contrary to the Federal Rules of Appellate Procedure, Bailey's brief does not contain any cites to the record. On that basis alone, the appeal could -- and should -- be dismissed. *See* FED. R. APP. P. 28(a)(4),(6); 5th Cir. R. 28.2.3, 42.3.2; ***United States v. Wilkes***, 20 F.3d 651, 653 (5th Cir. 1994).)

Although the motion was filed and served on 14 November 1996, Bailey's attorney did not receive it until 25 November. Accordingly, the last day for filing a response to the summary judgment motion was 6 December 1996. *See* Local Court Rules, U.S. Dist. Ct. W.D. Tex. CV-7(f) (1996) (requiring response to the filed and served 11 "calendar days from the date of receipt"). Bailey did not file a response, and judgment was signed and entered on 5 December. Bailey's motion for an extension was not filed until 16 December. Even assuming that the entry of summary judgment was premature, any error was harmless because Bailey never filed a response in opposition to the defendants' summary judgment motion. *See **Resolution Trust Co. v. Leslie (Matter of Liberty Trust Co.)***,

903 F.2d 1053, 1055 (5th Cir. 1990) (where non-movant did not file response to summary judgment motion, order granting summary judgment was not premature; even if it was, it was not error; and, even if it was error, it was harmless). Instead, subsequent to the deadline for his response, Bailey filed the motion for an extension of time.

Although Bailey's failure to oppose the summary judgment, in itself, was not a sufficient basis for granting summary judgment, the appellees established their entitlement to summary judgment by showing the absence of a genuine issue of material fact and that they were entitled to judgment as a matter of law. *See Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995); FED. R. CIV. P. 56. Accordingly, as hereinafter discussed, the claims were properly dismissed by summary judgment.

Based on the affidavits submitted by the appellees in support of their summary judgment motion, the district court did not err by holding that a reasonable peace officer could have concluded that Bailey had committed the offense of driving while intoxicated. *See Mangieri v. Clifton*, 29 F.3d 1012, 1017 (5th Cir. 1994) (probable cause to arrest exists if police officer has knowledge that would warrant a prudent person's belief that the arrestee had committed a crime).

In addition, the court did not err by dismissing Bailey's defamation claim. Even assuming that the allegedly defamatory

statements were communicated to a third person, the summary judgment record does not reflect the existence of a material fact issue as to whether the statements were defamatory.

Next, the district court did not err by failing to address Bailey's claims for personal injury and medical expenses, because Bailey did not allege that those injuries and expenses were the result of the use of excessive force by the appellees; instead, he alleged that excessive force was used by El Paso County deputies. Bailey's unsupported assertion that the appellees are liable for the deputies' alleged use of excessive force under a "continuing tort" theory is totally without merit.

Finally, the district court properly dismissed El Paso County; the record does not support Bailey's assertion that a waiver of service, signed by the Sheriff, was filed in the record.

**AFFIRMED**